UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Anthony Alenci, on behalf of himself and other similarly situated individuals,<br>　　PLAINTIFF,<br><br>v.<br><br>Hometown Oak Point I, LLC,<br>Hometown Oak Point II, LLC,<br>Hometown America Management, LLC,<br>　　DEFENDANTS | Case No. 19 CV 12244 (LTS)<br><br>**JURY TRIAL DEMANDED** |

# FIRST AMENDED COMPLAINT[1]

Plaintiff, Anthony Alenci, by his attorneys, Adam M. Bond, Esq., and Charles H. Basler, Esq., hereby avers, as and for his Complaint the following:

PARTIES, JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court as the subject matter involves the regulation of the health, safety, and welfare of the occupants of residential housing, and venue is proper inasmuch as the real property at issue is located in Middleborough, MA, in Plymouth County, and all relevant events occurred in Middleborough.

2. Plaintiff, Anthony Alenci, is a resident in the Oak Point manufactured housing community and the owner of a manufactured home located at 701 Waverly Road, Middleborough, MA 02346.

3. Defendants, Hometown Oak Point I, LLC and Hometown Oak Point II, LLC, are both

---

[1] By filing and serving this First Amended Complaint, Plaintiff expressly preserves and does not waive any defense based on lack of personal jurisdiction. Plaintiff does not waive any objection to Defendants' Notice of Removal and expressly preserves any defenses to such removal and the right to timely object or otherwise move for remand.

1

Delaware corporations, own and operate Oak Point, a 55+ manufactured housing community in Middleborough, MA, with a principle place of business located at 200 Oak Point Drive, Middleborough, MA 02346.

4. Defendant, Hometown America Management, LLC (together with Hometown Oak Point I, LLC and Hometown Oak Point II, LLC, "Oak Point") is the beneficial owner of Hometown Oak Point I, LLC and Hometown Oak Point II, LLC.

## STATEMENT OF FACTS

5. Oak Point is an age restricted manufactured housing community licensed pursuant to G.L. c. 140, § 32B, and unlike the typical landlord/tenant relationship, it owns all of the underlying real estate in the community and rents designated house lots, known as "Home Sites," to its tenants, on which each tenant places a home which the tenant owns.

6. On information and belief, Oak Point consists of approximately 979 Home Sites, with each such lot rented to Plaintiff and all other residents of the community, all located in Middleborough, MA.

7. Oak Point purchased the community from the prior owner, Oak Point Property I, LLC & Oak Point Property II, LLC, on or about November 2, 2011.

8. The Oak Point community was constructed in phases. Construction on the most recent phase, Phase 7, began in 2014.

9. Oak Point is one of the largest 55+ retirement communities in Massachusetts.

10. Plaintiff, as with all other residents of Oak Point, is the owner of his manufactured home and rents his respective Home Site from Oak Point pursuant to a written occupancy agreement ("Agreement").

11. On information and belief, every Oak Point Agreement requires the resident to pay

monthly rent for use of their lot and separately requires each resident to pay for all utilities and utility services which are separately metered at the Home Site, or otherwise billed directly to the resident, including but not limited to water usage.

12. On information and belief, each Agreement obligates Oak Point – and not the resident – to maintain the lawns and landscaping at each Home Site within the community.

13. Oak Point waters the lawns within the community through separate irrigation and/or water sprinkler systems installed at each Home Site.

14. Oak Point, as with all other manufactured housing community owners and operators, owns and maintains the community infrastructure, including but not limited to water and sewage disposal systems, up to the point of connection with each manufactured home.

15. The Town of Middleborough ("Middleborough") provides Oak Point and its residents with water from its municipal water supply and bills residents directly for water usage.

16. Plaintiff and all other Oak Point residents – and not Oak Point – are the customers of record with Middleborough for the purposes of water usage and billing.

17. Water usage at each Home Site is determined through water submeters installed at the point of the water connection for each home.

18. This water metering and billing arrangement has been in place for decades.

19. On information and belief, Middleborough imposes additional charges, including but not limited to late fees directly on Oak Point residents.

20. The irrigation and/or water sprinkler system at all Home Sites is installed after the water submeter, and therefore the water usage for lawn watering is included in the water charges imposed on the residents and billed to them by Middleborough.

21. Hometown America, LLC, which on information and belief is the parent company of

Defendant Hometown America Management, LLC and therefore also of Hometown Oak Point I and Hometown Oak Point II, is one of the largest owners of manufactured housing communities in the United States.

22. On information and belief, Hometown America owns and operates approximately sixty-six (66) manufactured housing communities in twelve (12) states, including six (6) in Massachusetts.

23. On information and belief, none of the five (5) other manufactured housing communities in Massachusetts owned and operated by Hometown America and/or its affiliates charges or otherwise causes its residents to pay for water or water usage separately apart from their rent.

## COUNT I – ILLEGAL WATER CHARGES

24. Plaintiff repeats and realleges those averments made in paragraphs 1-23, as if fully set forth herein.

25. Oak Point is required by law to supply and pay for each Home Site's supply of potable water sufficient in quantity and pressure to meet the ordinary needs of the residents.

26. Oak Point's requirement that Plaintiff and other similarly situated residents be liable for separate water usage charges is in violation of applicable Massachusetts law.

27. Oak Point is obligated to prevent Plaintiff and other similarly situated residents from being billed for water directly by the Town of Middleborough.

28. Plaintiff and all other similarly situated residents have been damaged by these improper and illegal water usage charges by having to pay separately for water to Middleborough.

## COUNT II – UNFAIR AND DECEPTIVE ACTS AND PRACTICES / 93A

29. Plaintiff repeats and realleges those averments made in paragraphs 1-28, as if fully set

forth herein.

30. Oak Point has engaged in unfair and deceptive acts or practices in violation of G.L. c. 93A, § 2.

31. Oak Point's requirement that Plaintiff and similarly situated residents pay separately for all water usage is in violation of Massachusetts Consumer Protection law, and therefore an unfair and deceptive practice.

32. Oak Point's Agreement is a rental agreement which contains terms in violation of Massachusetts Consumer Protection law.

33. Plaintiff and all other similarly situated residents have been damaged by Oak Point's unfair and deceptive acts and practices by being forced to pay illegal water charges to the Town of Middleborough.

34. Plaintiff properly served a demand letter on Oak Point by certified mail on August 28, 2019 and requested relief pursuant to 93A.

35. Oak Point did not respond within thirty (30) days.

36. On September 30, 2019, Plaintiff received an email from Oak Point's counsel responding to his August 28, 2019 demand letter.

37. In its response, Oak Point expressly made no offer of settlement.

38. Oak Point's response was in bad faith.

39. Oak Point's unfair and deceptive practices are willful and knowing within the meaning of Chapter 93A. Therefore, Plaintiff claims three, but not less than two times all damages awarded or that could be awarded pursuant to Chapter 93A.

## COUNT III – BREACH OF CONTRACT

40. Plaintiff repeats and realleges those averments made in paragraphs 1-39, as if fully set

forth herein.

41. The Agreement is a contract between Plaintiff and Oak Point which is governed by the laws of the Commonwealth of Massachusetts.

42. Oak Point's lease provision which imposes water charges on Plaintiff and all other similarly situated residents is in violation of law, and therefore void and unenforceable.

43. Oak Point is obligated by the terms of its Agreements to maintain the lawns and landscaping of each Home Site.

44. Accordingly, Oak Point's requirement that Plaintiff, and all other similarly situated residents, pay separately for all water usage, including lawn watering, is in breach of that contract.

45. Plaintiff and all other similarly situated residents have been damaged by Oak Point's breach by having to pay additional and separate charges for water usage.

## COUNT IV – G.L. c. 186, § 14

46. Plaintiff repeats and realleges those averments made in paragraphs 1-45, as if fully set forth herein.

47. Oak Point has willfully and intentionally failed to furnish water service to Plaintiff and all similarly situated residents.

48. Oak Point transferred the responsibility for payment of water service to Plaintiff and all similarly situated residents without their lawful consent.

49. Plaintiff and all similarly situated residents has suffered actual damages through the payment of improper water usage charges over and above contract rent.

50. Plaintiff and all similarly situated residents are entitled to actual damages or three month's rent, whichever is greater.

## COUNT V – UNJUST ENRICHMENT

51. Plaintiff repeats and realleges those averments made in paragraphs 1-50, as if fully set forth herein.

52. As a tenant of a manufactured housing community, Plaintiff, and all similarly situated tenants, expected Oak Point to provide all appropriate and necessary services lawfully covered by the monthly rent payments.

53. Manufactured housing community owners and operators are permitted to recover the cost of supplying water only through monthly rent charges, and only if those costs are shared equally among all community households.

54. Oak Point's requirement that Plaintiff and all other similarly situated residents pay separately for water relieved itself of its legal obligation to pay for those same services.

55. Accordingly, Oak Point's operating costs and overhead was and is reduced by an amount equal to the water charges imposed on Plaintiff and other residents, and its profit margin is equally increased.

56. Oak Point has similarly avoided its legal obligation of recovering those expenses through non-discriminatory rent charges.

57. Middleborough is a rent-controlled community, which requires Oak Point to apply to the Town's Rent Control Board before instituting such a rent increase. Oak Point has avoided the cost of obtaining an appropriate rent increase to recover the costs of supplying water to its residents by improperly passing that cost onto the residents directly.

58. Oak Point has been unjustly enriched at Plaintiff's and all other similarly situated residents' expense through this improper cost-shifting.

## COUNT VI – INJUNCTIVE RELIEF

59. Plaintiff repeats and realleges those averments made in paragraphs 1-58, as if fully set forth herein.

60. Plaintiff and all other similarly situated residents will suffer irreparable harm if Oak Point is allowed to continue forcing them to directly and illegally pay for water usage.

61. Oak Point is a retirement community and therefore many residents live on fixed incomes and/or have limited means.

62. Because Plaintiff and all other similarly situated residents are the customers of record for water accounts with Middleborough, they are subject to recourse by the Town in the event of non-payment, including but not limited to late fees and/or termination of service.

63. Massachusetts law requires that landlords at all times remain the customer of record for water accounts, even in cases of appropriate water metering and sub-metering.

64. Plaintiff and all other similarly situated residents are therefore forced to choose between directly paying illegal water charges or facing illegal termination of water service.

65. Oak Point will not suffer any harm, never mind irreparable harm, if Plaintiff and similarly situated residents are ordered not to be billed directly for water or water usage because it has no any basis in fact or law to impose any such direct billing requirement or direct obligation on the residents of Oak Point.

66. Plaintiff has a likelihood of success on the merits because Oak Point's water billing and sub-metering requirement is plainly contrary to Massachusetts law and public policy.

67. Oak Point's water billing requirement is in violation of Massachusetts law, contrary to Plaintiff's rights as a tenant and consumer, and has caused Plaintiff and all other residents significant damages, including but not limited to improper water usage charges.

REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Grant Plaintiff and all other similarly situated residents injunctive relief that:

   a. precludes Oak Point from allowing Middleborough to directly bill any Oak Point resident for water usage or otherwise imposing any charge or fee of any kind relating to water usage or service;

   b. precludes Oak Point from directly billing, charging, or otherwise requiring any other Oak Point resident to directly pay separately for water usage or otherwise imposing any direct charge or fee of any kind, other than proper monthly rent, relating to water, water usage, or water service;

   c. precludes Oak Point from enforcing any lease or Agreement provision that is in violation of law, including but not limited to 940 CMR §§ 10.00 et seq;

   d. precludes Oak Point from shutting off, terminating, or disrupting in any manner, or allowing the shut off, termination, or disruption of water service for any reason, including but not limited to non-payment of water bills; and

   e. requires Oak Point to immediately request the Town of Middleborough change the customer of record to Oak Point, and not Plaintiff or any other community resident, for all water accounts serving Home Sites in Oak Point;

2. Enter judgment for Plaintiff on all counts;

3. Award Plaintiff damages as determined at trial, plus interest, prejudgment interest, and costs as provided by law;

4. Award Plaintiff's reasonable attorney fees as provided for in the Agreement, and/or pursuant to G.L. c. 93A, § 9, and/or c. 186, § 14; and

5. Grant Plaintiff such other relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

Date: November 1, 2019

Respectfully submitted,
Anthony Alenci,
By his Attorneys,


/s/ *Adam M. Bond*
Law Office of Adam M. Bond
Adam M. Bond, Esq. (BBO# 652906)
1 N. Main Street
Middleborough, MA 02346
T: 508-946-1165
F: 508-946-1057
abond@adambondlaw.com (not for service)


/s/ *Charles H. Basler*
Law Office of Adam M. Bond
Charles H. Basler, Esq. (BBO# 693431)
1 N. Main Street
Middleborough, MA 02346
T: 508-946-1165
F: 508-946-1057
charles@attorneyadambond.com (not for service)